UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARK B. NICHOLSON ] | |
|     Plaintiff, ] | |
| ] | |
| v. ] | No. 3:12-0853 |
| ] | Judge Campbell |
| JEFF BLEDSOE, et al. ] | |
|     Defendants. ] | |

**M E M O R A N D U M**

The plaintiff, proceeding *pro se*, is an inmate at the Dickson County Jail in Charlotte, Tennessee. He brings this action pursuant to 42 U.S.C. § 1983 against Jeff Bledsoe, Sheriff of Dickson County; the Dickson County Jail; and Captain Donnie Young, the Jail's Administrator; seeking injunctive relief and damages.

Since his arrival at the Dickson County Jail, the plaintiff has unsuccessfully sought access to a law library or the materials needed to pursue a legal matter. The plaintiff suggests that this constitutes a violation of his right of access to the courts.

To state a claim for § 1983 relief, the plaintiff must plead and prove that the defendants, while acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981).

A prisoner has a First Amendment right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821-823 (1977). To insure

the meaningful exercise of this right, jail officials are under an affirmative obligation to provide inmates with access to an adequate law library, Walker v. Mintzes, 771 F.2d 920 (6th Cir.1985), or some alternate form of legal assistance. Procunier v. Martinez, 416 U.S. 396 419 (1974). It is not enough, however, for the plaintiff to simply allege that an adequate law library or some alternate form of legal assistance has not been made available to him. He must also show that the defendants' conduct in some way prejudiced the filing or prosecution of a legal matter. Walker, *supra* at 771 F.2d 932; Kensu v. Haigh, 87 F.3d 172, 175 (6th Cir.1996).

In this instance, the plaintiff does not identify the legal matter for which he seeks assistance. He only states "I am running out of time for my defense". Docket Entry No.1 at pg.5. The plaintiff has shown no prejudice. In fact, his statement appears to refer to a criminal matter, for which the plaintiff already has a constitutional right to counsel. Consequently, the plaintiff has failed to state a claim upon which § 1983 relief can be granted.

Having failed to state a claim upon which relief can be granted, the Court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

                                       *(signature)*
                                       Todd Campbell
                                       United States District Judge